**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AUTO-OWNERS INSURANCE
COMPANY,

      Plaintiff Counter Defendant -
      Appellant,

v.

BOLT FACTORY LOFTS OWNERS
ASSOCIATION, INC., a Colorado
nonprofit corporation; SIERRA GLASS
CO., INC.,

      Defendant Counterclaimants -
      Appellees.

Nos. 19-1233 & 19-1310
(D.C. No. 1:18-CV-01725-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Plaintiff Auto-Owners Insurance Company ("Auto-Owners") filed this

declaratory judgment action after its insured, Defendant Sierra Glass Co., Inc.

("Sierra Glass"), entered into a settlement agreement in a related state court lawsuit.

In state court, Defendant Bolt Factory Lofts Owners Association, Inc. ("Bolt

Factory") sued several contractors and subcontractors for alleged construction defects

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

at one of its condominium developments. Sierra Glass—one of the defendant subcontractors—had an insurance policy through Auto-Owners; and per the policy, Auto-Owners agreed to defend Sierra Glass in the state court lawsuit.

Before trial, Sierra Glass settled the state court case with Bolt Factory. But it settled without Auto-Owner's knowledge or consent. Auto-Owners then filed this declaratory judgment action, seeking a declaration that Sierra Glass had breached the terms of the insurance policy when it entered into an unauthorized settlement with Bolt Factory. Auto-Owners also sought a declaration that Sierra Glass's breach relieved it of any further duty to defend or indemnify Sierra Glass in the state court suit.

The district court sua sponte dismissed the entire declaratory judgment action because the parties' claims were not yet ripe for judicial determination due to the ongoing state court litigation. Auto-Owners appeals that decision. Our jurisdiction arises under 28 U.S.C. § 1291. We conclude the district court erred as a matter of law in dismissing the case for lack of subject-matter jurisdiction because Auto-Owners' claims are ripe.

I.

Bolt Factory sued six contractors in Colorado state court for alleged construction defects at one of its Denver condominium developments. Two of those contractors—Roladex Construction Co. ("Roladex") and Mark Brannon ("Brannon")—then brought third-party claims for negligence and breach of contract against three subcontractors, including Sierra Glass.

2

Sierra Glass had a commercial insurance policy through Auto-Owners, as well as a second commercial general liability policy through AMCO Insurance Company ("AMCO"). Auto-Owners and AMCO both agreed to defend and indemnify Sierra Glass in the state lawsuit for any damages covered under the respective policies.

Before trial, the parties—including Bolt Factory, the six contractors, and two of the subcontractors—settled all claims, leaving for trial only Roladex and Brannon's third-party claims against Sierra Glass. But as part of that settlement, Roladex and Brannon assigned their third-party claims to Bolt Factory. Thus, the only parties remaining for trial were Bolt Factory and Sierra Glass. On the eve of trial, however, Sierra Glass informed the state trial court that it too had settled with Bolt Factory. Sierra Glass agreed to pay Bolt Factory $350,000 and to essentially confess judgment by not presenting a defense at trial.

After learning about the settlement between Bolt Factory and Sierra Glass, Auto-Owners tried to intervene in the suit to stop the trial and contest the settlement agreement. Auto-Owners argued that Sierra Glass settled the case without Auto-Owners' knowledge or consent. Auto-Owners claimed the insurance policy gave it the right to defend against the third-party claims asserted against Sierra Glass and that the policy required Sierra Glass to cooperate with Auto-Owners. The state trial court denied Auto-Owners' motion to intervene and moved forward with a two-day bench trial.[1]

_____

[1] The district court had scheduled a fifteen-day jury trial, which evidently became unnecessary once Sierra Glass agreed not to put on any defense.

3

At trial, Sierra Glass did not present an opening or closing statement, did not offer any evidence or put on any witnesses, and did not cross-examine any of Bolt Factory's witnesses. And consistent with their settlement agreement, Bolt Factory agreed to forgo further recovery from Sierra Glass, so long as Sierra Glass assigned to Bolt Factory its potential bad faith claims against Auto-Owners. AMCO paid the $350,000 settlement amount on Sierra Glass's behalf in exchange for a full release of liability—which it received. Finally, after Sierra Glass failed to put on a defense at trial, the state trial court entered judgment for Bolt Factory for $2,489,021.91.

After judgment, Auto-Owners appealed the state court's denial of its motion to intervene, but the Colorado Court of Appeals affirmed the trial court. Auto-Owners then petitioned for a writ of certiorari with the Colorado Supreme Court, which remains pending.

Even though it appealed the state court judgment, Auto-Owners filed this separate declaratory judgment action against Bolt Factory and Sierra Glass in federal district court. Auto-Owners sought a declaration that the agreement between Sierra Glass and Bolt Factory violated Sierra Glass's duty of cooperation under the insurance policy, and thus that the breach relieved Auto-Owners of its obligations under the insurance policy. Auto-Owners claimed that Sierra Glass's breach vitiated any further duty Auto-Owners had to defend or indemnify Sierra Glass in the state court litigation. Bolt Factory and Sierra Glass filed counterclaims against Auto-Owners, alleging breach of the insurance policy, as well as statutory and common law bad faith.

4

Auto-Owners moved to dismiss Bolt Factory and Sierra Glass's counterclaims, but the district court dismissed the entire declaratory judgment action, including Auto-Owners' claims, as premature because of the related state court appeal. The district court reasoned that the declaratory judgment action relied on the outcome of the state court appeal and thus could lead to a procedural conflict if the state appellate court reversed the trial court's judgment and permitted Auto-Owners to intervene in the state court suit.

Auto-Owners filed a Rule 60(b) motion, seeking relief from the district court's dismissal order, which the district court denied. Auto-Owners now appeals both the district court's dismissal order and its order denying Auto-Owners' Rule 60(b) motion for relief.[2]

---

[2] Bolt Factory and Sierra Glass (collectively, "Defendants") argue that we lack jurisdiction because Auto-Owners never noticed an appeal of the district court's August 30, 2019 Amended Order and Judgment. Though Defendants' arguments lack clarity, Defendants appear to argue that we have no jurisdiction over any appeal involving the district court's dismissal of the declaratory judgment action. Instead, Defendants argue, we only have jurisdiction over the district court's denial of Auto-Owners' Rule 60(b) motion. We disagree.

The district court entered an Order and Final Judgment on May 30, 2019 dismissing the declaratory judgment action as premature and unripe. Auto-Owners timely appealed that order. Next, the district court issued an Amended Order and Final Judgment on August 5, 2019. Auto-Owners also timely appealed that order. But because of some unusual timing issues with Auto-Owners' Rule 60(b) motion and its notices of appeal, we issued a limited remand order. The district court reissued its previous orders—which included the August 30, 2019 Amended Order and Judgment—but made no substantive changes. Auto-Owners did not file a third notice of appeal because that would have created yet another case.

We consolidated the cases created by Auto-Owners' two notices of appeal; and in its Docketing Statement, Auto-Owners notified the Court and Defendants that "the May 30, 2019, August 5, 2019, and August 30, 2019 Orders were incorrect as a matter of law." And we observe that the August 30, 2019 Amended Order and

5

We review ripeness questions de novo. New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995).

## II.

The Constitution limits federal judicial power to "Cases" and "Controversies." U.S. Const. art. III, § 2. From this text, we draw the justiciability doctrine of ripeness. Gonzales, 64 F.3d at 1498–99 ("Whether a claim is ripe for review bears on a court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution."). Ripeness is principally "a question of timing" that prevents "courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Id. at 1499. Generally, we evaluate ripeness under a two-factor test that considers "both the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration." Sierra Club v. Yeutter, 911 F.2d 1405, 1415 (10th Cir. 1990).

As to fitness, we focus on "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." Gonzales, 64 F.3d at 1499. In assessing hardship, we look at "whether the challenged action creates a 'direct and immediate dilemma' for the parties." Id. (quoting El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 495 (1st Cir. 1992)).

---

Judgment is virtually identical to the May 30 and August 5 orders. Under these facts, we conclude that Auto-Owners did not have to file a third notice of appeal. B. Willis, C.P.A., Inc. v. BNSF Ry. Corp., 531 F.3d 1282, 1296 (10th Cir. 2008) (treating a docketing statement as the functional equivalent of a notice of appeal).

6

With these principles in mind, we address whether Auto-Owners' claims are ripe for judicial resolution.

III.

Auto-Owners contends that this case is fit for judicial resolution. Auto-Owners argues that its claims do not depend on any future events because the issues raised in the declaratory judgment action are separate and independent of the state court suit. Auto-Owners alleges that Sierra Glass materially breached the terms of the insurance policy—namely, its duty to cooperate—the moment it entered into a settlement agreement without Auto-Owners' knowledge or consent. Thus, Auto-Owners claims Sierra Glass's breach entitles Auto-Owners to an immediate judicial determination that it has no further duty to defend or indemnify Sierra Glass.

We agree that Auto-Owners' claims do not depend on the state court suit. The state court appeal involves the denial of Auto-Owners' motion to intervene to defend against Bolt Factory's assigned, third-party claims. In that motion, Auto-Owners argued it had a right to challenge Bolt Factory's alleged damages, as well as Sierra Glass's liability before a jury.

This declaratory judgment action, however, involves Sierra Glass's alleged breach of the insurance policy. Auto-Owners' Complaint alleges that the insurance policy required Sierra Glass to "cooperate with [Auto-Owners] in the investigation or settlement of any claim or defense of any suit."[3] Auto-Owners continues that Sierra

---

[3] Sierra Glass and Bolt Factory argue that the district court considered only facts within Auto-Owners' Complaint, and therefore we cannot consider any "new

7

Glass breached that provision by entering into a settlement agreement without providing notice to Auto-Owners and without Auto-Owners' consent. And Auto-Owners claims that Sierra Glass effectively confessed judgment by not putting on a defense at trial. Because it contends these actions breach the duty of cooperation under the insurance policy, Auto-Owners seeks a judicial declaration that it has no further duty to defend or indemnify Sierra Glass. Auto-Owners' Complaint does not contest Sierra Glass's liability or challenge Bolt Factory's damages.

Although the two lawsuits have overlapping facts, the federal declaratory judgment action does not depend on the outcome of the state court appeal. Indeed, the only relevant facts in the federal case involve those preceding the execution of the agreement between Sierra Glass and Bolt Factory. And our fitness inquiry concerns whether the federal case involves uncertain or contingent events and whether a judicial determination of the merits depends on facts not yet developed. Gonzales, 64 F.3d at 1499.

The declaratory judgment action asks whether Sierra Glass materially breached the insurance policy when it unilaterally entered into a settlement agreement with Bolt Factory. The facts preceding and surrounding the execution of that settlement agreement are fixed and developed. Id. Thus, even if the state appellate court

---

facts" raised in Auto-Owners' Rule 60(b) motion. Ingram v. Faruque, 728 F.3d 1239, 1242 (10th Cir. 2013) (stating that challenges to subject-matter jurisdiction "can take the form of either a 'facial' or a 'factual' attack"). We need not address Defendants' argument because the allegations in Auto-Owners' Complaint alone establish jurisdiction.

reverses and permits Auto-Owners to intervene, the facts surrounding the run-up to the settlement agreement remain the same. We thus conclude that Auto-Owners' claims became fit for judicial resolution when Sierra Glass settled with Bolt Factory.

Auto-Owners prevails on the hardship inquiry as well. Our hardship inquiry turns on "whether the challenged action creates a direct and immediate dilemma for the parties." Id. (internal quotation marks and citation omitted). Auto-Owners argues that Sierra Glass materially breached the insurance policy, and therefore, Auto-Owners should no longer have to defend or indemnify Sierra Glass. We agree with Auto-Owners that it has an interest in resolving its defense obligations to its insured. State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 (10th Cir. 1994) (reasoning that State Farm had a "substantial interest" in having the court decide its rights and duties to its insured "without undue delay" despite parallel state court litigation).

Sierra Glass contends that Auto-Owners cannot show hardship because it "invited any hardship for which it complains" by litigating in multiple forums. But as we have already stated, Auto-Owners has a substantial interest in having its obligations to Sierra Glass resolved. And Auto-Owners' allegations in the declaratory judgment action present a direct and immediate dilemma involving the legal relationship between the parties. Id. (concluding that "a live need for a declaration of [the insurer's] rights and duties" to its insured existed). The declaratory judgment action will clarify and settle the legal obligations of the parties, potentially relieving Auto-Owners of the burden of expending additional resources in

9

defending or indemnifying Sierra Glass.  Auto-Owners' claims thus satisfy the hardship prong of our ripeness inquiry.

We conclude that the district court erred as a matter of law in dismissing the declaratory judgment action for lack of subject-matter jurisdiction.  Auto-Owners' claims do not hinge on the state court action and are instead ripe for judicial resolution.[4]

REVERSED AND REMANDED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[4] Because the district court erred in dismissing for lack of subject-matter jurisdiction, we need not address whether the district also erred in denying Auto-Owners' Rule 60(b) motion.